FILED
SUPERIOR COURT
OF GUAM

2021 APR 28 PM 3:43

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

**PEOPLE OF GUAM,**

v.

**ZACHARY DAVID PALOMO**
*aka* **Zachary David Salas Palomo,**
DOB: 09/26/1988

Defendant.

**Criminal Case No. CF0219-19**
GPD Report Nos. 18-27082 / 19-06111 /
19-07947

**DECISION AND ORDER
FOR NO FURTHER RESTITUTION**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on April 8, 2021 for a Restitution Hearing. Assistant Attorney General Steven J. Haderlie represents the People of Guam ("the People") and Alternate Public Defender Ana Maria C. Gayle represents Zachary David Palomo, *aka* Zachary David Salas Palomo ("Defendant"). Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order for No Further Restitution.

## BACKGROUND

In April 2019, Defendant was arrested and charged with Forgery (as a 3rd Degree Felony), Identity Theft (as a 3rd Degree Felony), and *Four Counts* of Theft (as a Misdemeanor). Indictment (Apr. 22, 2019). Defendant was accused of improperly cashing checks made in the names of Gatbo Industries and Martha Duenas or Pedro Cruz, as well as taking a purse belonging to Martha Duenas. Magistrate's Complaint (Apr. 11, 2019).

On September 20, 2019, Defendant entered a deferred plea of guilty to Forgery (as a 3rd Degree Felony). Order After Hearing (Deferred Plea) (Oct. 24, 2019). As part of his deferred plea

agreement, Defendant agreed to pay full restitution to Martha Duenas or Pedro Cruz, in an amount to be determined by the Court at a restitution hearing. Deferred Plea Agreement (Oct. 24, 2019).

The Court held a Restitution Hearing on April 8, 2021. After hearing the arguments of the parties, the Court finds that Defendant completed his restitution obligation.

## DISCUSSION

Restitution is proper when the losses are the direct result of the Defendant's actions. *U.S. v. Tyler*, 767 F.2d 1350, 1351 (9th Cir. 1985). Any such finding concerning the Victim's loss must be shown by a preponderance of the evidence. *People v. Faisao*, 2018 Guam 26, ¶ 13.

The Victims here are not requesting any restitution from Defendant. Court Recording ("CR") at 3:24:40 (Apr. 8, 2021). Defendant's guilty plea covered fraudulent activity over the Victims' Coast360 Federal Credit Union and Community First Guam Federal Credit Union accounts. However, the Victims never suffered losses from the Coast360 fraud because the checks bounced when Defendant tried to cash them. CR at 3:22:45 (Apr. 8, 2021). The Victims did not suffer losses from the Community First fraud because they were reimbursed the $100 that was stolen. CR at 3:24:10 (Apr. 8, 2021). As such, the Victims have no outstanding restitution claims against Defendant.

## CONCLUSION

For the reasons stated above, the Court finds that Defendant has completed his restitution obligations.

**IT IS SO ORDERED** this ____APRIL 28_.2021_nunc pro tunc April 8, 2021.



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**